UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL JEROME,

      Plaintiff,

vs.

CASE NO.:

6:14-CV-430-ORL-18-TBS

WORLD WIDE VACATIONS LLC.,
A FLORIDA LIMITED LIABILITY
CORPORATION, AND MAITLAND
VACATION CLUB LLC., A
FLORIDA LIMITED LIABILITY
CORPORATION

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL JEROME, by and through the undersigned attorney, sues the Defendants, WORLD WIDE VACATIONS LLC., a Florida Limited Liability Corporation, and MAITLAND VACATION CLUB LLC., a Florida Liimited Liability Corporation, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid minimum wages, overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff worked as a sales representative for Defendants from approximately May 2013 to October 2013.

3. Defendants have a common business purpose of selling timeshares to their customers across the country.

4. Plaintiff and other sales representatives' job duties included selling timeshares and vacation packages to these customers across the country.

5. Defendants are both headquartered in the same building in Orange County, Florida.

1

6. Defendants use the same supervisors to direct and control their employees.

7. Even though Defendants utilized two separate corporate entities, Defendants treated the operation as one business.

8. Defendants are joint employers pursuant to 29 C.F.R § 791.2.

9. Defendant, World Wide Vacations LLC is a Florida Limited Liability Corporation that operates and conducts business in, among others, Orange County, Florida and is therefore, within the jurisdiction of this Court.

10. During all times material, Defendant World Wide Vacations LLC earned more than $500,000.00 per year in gross sales.

11. During all times material, Defendant World Wide Vacations LLC employed 2 or more employees engaged in interstate commerce, such as calling customers across the country to sell the timeshare and vacation packages.

12. As such, Defendant World Wide Vacations LLC is an enterprise engaged in interstate commerce as defined by the FLSA.

13. Defendant, Maitland Vacation Club LLC is a Florida Limited Liability Corporation that operates and conducts business in, among others, Orange County, Florida and is therefore, within the jurisdiction of this Court.

14. During all times material, Defendant Maitland Vacation Club LLC earned more than $500,000.00 per year in gross sales.

15. During all times material, Defendant Maitland Vacation Club LLC employed 2 or more employees engaged in interstate commerce, such as calling customers across the country to sell the timeshare and vacation packages.

16. As such, Defendant Maitland Vacation Club LLC is an enterprise engaged in

interstate commerce as defined by the FLSA.

17. Defendants are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

18. Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendants as a result of daily phone calls which left the state of Florida.

19. This action is brought under the FLSA to recover from Defendants minimum wages, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

20. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA, the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.,

## **FLSA VIOLATIONS**

21. At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay any overtime compensation to Plaintiff and by failing to pay enough compensation to meet the minimum wage.

22. During his employment with Defendants, Plaintiff was paid at an hourly rate.

23. Plaintiff typically worked 51-55 hours per week.

24. Even though Plaintiff worked overtime hours each week, Plaintiff was never paid overtime compensation in addition to his regular wages earned.

25. Additionally, because Plaintiff was not paid for all of the non-overtime hours he worked in a week, his regular rate of pay fell below the minimum wage.

26. Typically, Defendants would only pay Plaintiff for approximately 30 hours total per week, and would fail to pay him any compensation for the additional hours he worked.

27. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## **COUNT I - RECOVERY OF OVERTIME COMPENSATION**

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27 above.

29. Plaintiff was entitled to be paid overtime compensation for each hour worked in excess of forty (40) per work week.

30. During his employment with Defendants, Plaintiff worked overtime hours on a weekly basis but was not paid time and one-half compensation for same in addition to his regular pay.

31. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

32. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

33. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MICHAEL JEROME, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## **COUNT II - RECOVERY OF MINIMUM WAGES**

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-

27 above.

35. Plaintiff was entitled to be paid the minimum wage for each hour worked during his employment with Defendants.

36. During his employment with Defendants, Plaintiff was not paid for all of the hours he worked causing his regular rate of pay to fall below the applicable minimum wage.

37. Pursuant to 29 C.F.R. § 778.5, Plaintiff is entitled to the higher Florida minimum wage rate under the FLSA.

38. Plaintiff has demanded proper compensation for these unpaid minimum wages via a demand letter, but Defendants have refused to pay the owed minimum wages or substantively respond to Plaintiff's allegations.

39. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendants.

40. Defendants willfully failed to pay Plaintiff the minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

41. Plaintiff demands a trial by jury.

WHEREFORE, MICHAEL JEROME, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 13TH day of March, 2014.

/s/ **C. RYAN MORGAN**
C. Ryan Morgan, Esq.
FBN 0015527
Corey Moore, Esq.
FBN 0093615
Morgan & Morgan, P.A.

20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:    (407) 420-1414
Facsimile:    (407) 425-8171
Email: RMorgan@forthepeople.com
Email: JMoore@forthepeople.com
Attorneys for Plaintiff